UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM GARYEAZON, | No.  2:26-cv-1567-DAD-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RYDER INTEGRATED LOGISTICS, INC., | |
| Defendant. | |

Plaintiff Abraham Garyeazon is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Defendant's motion to dismiss the Complaint (ECF No. 6) is pending before the Court.  For the reasons stated below, the Court recommends the motion to dismiss be granted with leave to amend.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a former employee of Defendant, commenced this action on March 11, 2026, by filing a Complaint in the San Joaquin County Superior Court.  ECF No. 1-4.  Defendant removed the case to this Court on April 15, 2026.  ECF No. 1.

The Complaint alleges that when Plaintiff was wrongfully incarcerated, Defendant's management reassured him that his employment as a general laborer was secure for the duration of the investigation into said incarceration.  ECF No. 1-4 at 2.  They misinformed Plaintiff as to

1

the resources available to employees in his situation, and terminated his employment despite their prior reassurances. *Id.* Plaintiff therefore brings a claim for wrongful termination and breach of contract, and seeks $50,000 in damages thereunder. *Id.*

The Complaint also alleges that Defendant's management spread false information throughout the company about the reason for Plaintiff's incarceration. *Id.* at 2-3. This led said employees to harass Plaintiff and question him about his whereabouts, creating a hostile work environment when he returned to work. *Id.* at 3. The Complaint further speculates that this contributed to Plaintiff's termination because employees began questioning his character. *Id.* The Complaint therefore brings a claim for defamation and seeks $50,000 in damages thereunder. *Id.* at 2.

**LEGAL STANDARD**

A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and to "draw all reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (internal quotation marks omitted). Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of

2

facts to support its claims." *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up).

A pro se plaintiff's factual allegations are interpreted liberally on a 12(b)(6) motion, and the court must apply a less stringent pleading standard than if the plaintiff was represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). This rule of lenity does not apply, however, if a plaintiff is currently pro se but was represented by counsel both when filing the complaint and when responding to the motion to dismiss. *McQueen v. Ala. Dep't of Trans.*, 17-CV-0215, 2018 WL 2709319, at *4 (M.D. Ala. June 5, 2018).

The court may dismiss for failure to state a claim when the allegations of the complaint and judicially noticeable materials establish an affirmative defense or other bar to recovery, such as the expiration of the statute of limitations. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint"). However, dismissal under Rule 12(b)(6) is improper if the allegations of the complaint and judicially noticeable materials concerning the defense raise disputed issues of fact. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *In re Doe*, 58 F.3d 494, 497 (9th Cir. 1995)). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## ANALYSIS

### I.    The Complaint is Deficient

Defendant argues that Plaintiff has not pled adequate facts to support any of the claims in this Complaint. ECF No. 6 at 5-6. The Court agrees.

3

A claim for wrongful termination requires (1) the existence of a public policy and (2) a nexus between the public policy and his termination. *Dept. of Fair Employment & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 749 (9th Cir. 2011). The Complaint effectively argues that Plaintiff was terminated due to his incarceration, yet it does not establish why this would be against public policy.

Alternatively, the Complaint reframes the wrongful termination claim as one for breach of contract. ECF No. 1-4 at 2. A claim for breach of contract, however, requires alleging (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance of the contract, (3) defendant's breach of the contract, and (4) resulting damages. *Brazill v. California Northstate College of Pharmacy, LLC*, Case No. CIV-2:12-1219-WBS, GGH, 2012 WL 3204241 at *7 (E.D. Cal. Aug. 2, 2012). The Complaint does not identify the contract, allege when it was signed (or otherwise agreed to), or explain what provision of this contract Defendant allegedly violated and how. Although the Complaint asserts that Defendant reassured Plaintiff that his employment was secure during his incarceration (ECF No. 1-4 at 2), there are no facts to suggest that this reassurance was itself a contract.

Plaintiff's second claim, for defamation, requires (1) the existence of a publication (2) that is false, (3) defamatory, and (4) unprivileged, and that (5) has a natural tendency to injure or causes special damage. *Bishop v. The Bishop's School*, 86 Cal.App.5th 893, 909 (Cal. Ct. App. 2022). Plaintiff vaguely alleges that Defendants' management team lied to employees about the nature of his incarceration. ECF No. 1-4 at 2-3. This is deficient without identifying the reason for his incarceration and contrasting that against what management said it was, including which team members made that representation and when.

Defendant further argues that the Complaint's allegation as to damages, based on the creation of a hostile work environment where everyone questioned Plaintiff's ethics until he was fired, is a "speculative and circular argument[.]" ECF No. 6 at 6. Defendant provides no authority rejecting this type of harm, but the Court does agree that alleging it requires additional details. Plaintiff must state sufficient facts to find such an environment existed, including who said what to him, when he experienced what harassing conduct or comments, and to what extent

4

others questioned his character following his incarceration.

Plaintiff has completely failed to state sufficient facts to support any of his claims, which should therefore be dismissed.

**II.      Leave to Amend Should be Granted**

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar*, 698 F.3d at 1213. As discussed above, Plaintiff my be able to state a claim for defamation if he specifically articulates the real reason for his incarceration, what Defendant supervisors told other employees was the reason, and what comments which other employees made as to create a hostile work environment that eventually led to his termination. *See supra* I.

During the hearing, Plaintiff further explained the reasoning for his wrongful termination claim. He argues that he was absent for one day, had his father bring paperwork establishing why he was absent, and was still fired despite having saved enough sick leave to cover his absence. Plaintiff should be allowed to amend the Complaint to include these allegations, as well as to explain why firing someone with reserved sick leave for an explainable absence violates public policy.

Leave to amend should be granted as to both claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY RECOMMENDED THAT**

1. Defendant's Motion to Dismiss (ECF No. 6) be GRANTED WITH LEAVE TO AMEND as to claims for both defamation and wrongful termination.

2. Plaintiff receive 30 days from entry of an order granting the motion to amend the Complaint to address the deficiencies identified in the Findings and Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's

5

Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**SO ORDERED**.

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6